COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-327-CR
 
 
BARRY 
J. BONDY                                                                  APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Barry J. Bondy of injury to a child causing bodily 
injury.  Upon his plea of true to the repeat offender notice, the jury 
assessed his punishment at fifteen years’ confinement in the Institutional 
Division of the Texas Department of Criminal Justice, and the trial court 
sentenced him accordingly.  In his sole point, Appellant contends that the 
trial court abused its discretion by admitting pictures of the complainant 
showing the injuries he sustained.  Because we hold that the trial court 
did not abuse its discretion, we affirm the trial court’s judgment.
        The 
complainant is Appellant’s five-month-old son.  At 12:45 a.m. on 
Saturday, October 13, 2001, Appellant took the complainant to the emergency room 
in Arlington, Texas.  The child had injuries on his back, buttocks, chest, 
face, arms, and legs.  During the physical examination of the complainant, 
the examining nurse noticed that he had bruising on his buttocks consistent with 
a hand hitting that portion of his body.  Seventeen days later Appellant 
provided the police a written statement admitting that he had spanked the 
complainant on his buttocks on Thursday, September 12, 2001.  We note that 
September 12, 2001 fell on a Wednesday; October 12, 2001 fell on a Friday.  
The statement also included Appellant’s admission that he had been lying on 
the couch watching television, frustrated by not having a job while bills were 
piling up, on the evening he struck the complainant.  Appellant was 
indicted for knowingly causing bodily injury to the complainant by striking him 
with his hand.
        The 
three contested exhibits were photographs of the bruising on portions of the 
complainant’s body other than the buttocks.  The three photographs in 
question specifically show injuries to the complainant’s abdomen, thigh, and 
face.  State’s exhibit two, to which there was no objection, shows 
injuries to the buttocks and the thigh.  Appellant contended, and the 
medical testimony tends to confirm, that the injuries to the complainant’s 
legs, face, and chest, as depicted in the photographs, were bite marks made by a 
child.
        The 
trial court initially found the contested photographs’ probative value was 
substantially outweighed by their prejudicial effect.  The trial court 
changed its ruling, however, after Appellant raised the issue of the true cause 
of the bruising on the complainant’s buttocks.  In cross-examining the 
emergency room nurse, Appellant raised the possibility that the bruising on the 
complainant’s buttocks was caused by bites inflicted by the child’s sibling, 
not by Appellant.  On cross examination, Appellant also led the nurse 
practitioner to admit that he believed the bruising on the complainant’s 
buttocks was caused by biting, not by striking.
        The 
issue before the jury was whether the injuries to the buttocks were caused by 
Appellant’s hand or by a sibling’s bite.  This question was an issue of 
fact for the jury to determine.  The objected-to photographs were, 
according to Appellant, photographs of bite marks.  Consequently, the 
photographs were appropriate evidence to present to the jury to allow it to 
determine whether the injuries to the buttocks were consistent with a bite mark.  
Had Appellant not argued that the injuries to the buttocks were bite marks, the 
photographs would not have been admissible.  But because that issue was 
before the jury, the State was entitled to offer evidence to assist the jury in 
making its determination. Additionally, the photographs were not unnecessarily 
inflammatory.  The trial court properly applied the rule 403 balancing test 
and correctly held that the photographs were admissible.[2]  
The trial court therefore did not abuse its discretion in admitting the 
photographs.
        Because 
we hold that the trial court did not abuse its discretion, we overrule 
Appellant’s sole point and affirm the trial’s judgment.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 24, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. R. Evid. 403.